Filed 11/19/19; Certified for Publication 12/4/19 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROSA FABIAN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RENOVATE AMERICA, INC.,<br><br>    Defendant and Appellant. | D075519<br><br><br>(Super. Ct. No. 37-2018-00023808-CU-BT-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

Reed Smith, Jesse L. Miller, James M. Neudecker, Matthew T. Peters and Dennis Peter Maio for Defendant and Appellant.

Golden & Cardona-Loya, Octavio Cardona-Loya II for Plaintiff and Respondent.

Renovate America, Inc. (Renovate) appeals from an order denying its petition to compel arbitration of Rosa Fabian's claims related to the financing and installation of a solar energy system in her home.  Renovate contends the trial court erred in ruling that the company failed to prove by a preponderance of the evidence that Fabian electronically signed the subject contract.  We reject this contention and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A.     *Fabian's Complaint*

Fabian filed a complaint against Renovate alleging that solar panels she purchased for her home were improperly installed.  Fabian alleged that, in early 2017, Renovate made an unsolicited telephone call to her home about financing the solar panels and "signed" her name on a financial agreement.  All communications between Fabian and Renovate's representative occurred telephonically and she was never presented with any documents to sign.  Fabian claims she did not sign a financial agreement with Renovate; nevertheless, Renovate incorporated the solar panel payments set forth in the financial agreement into her mortgage loan payments.  Fabian thus alleged that Renovate violated: (1) the Consumers Legal Remedies Act (Civ. Code § 1750 et seq.), (2) the Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.), and (3) the California Contract Translation Act (Civ. Code § 1632).

B.     *Renovate's Petition to Compel Arbitration*

Renovate filed a petition to compel arbitration of Fabian's claims and stay judicial proceedings pending arbitration, supported by an Assessment Contract (Contract) that Renovate claimed Fabian had signed electronically.  The Contract states that it was "made and entered into" on February 28, 2017, between the Western Riverside Council of Governments (WRCOG)[1] and the joint property owners, Fabian and her adult daughter, Diana S.  The Contract includes an arbitration agreement, which states:

---

[1]     Renovate is WRCOG's Program Administrator.

"Section 13.  Arbitration Agreement.  *Please read this Section ("Arbitration Agreement") carefully.  It is part of this Contract and affects the Property Owner's rights.  It contains A JURY TRIAL WAIVER and procedures for MANDATORY BINDING ARBITRATION AND A CLASS ACTION WAIVER.*"

The arbitration agreement further states:

"All claims and disputes arising out of or relating to the [Home Energy Renovation Opportunity] Program, the Contract and/or the Improvements that cannot be resolved informally or in small claims court shall be resolved by binding arbitration on an individual basis under the terms of this Arbitration Agreement.  The Arbitration Agreement applies to the Property Owner and WRCOG."

The last paragraph of the arbitration agreement states:

"By initialing below, the Property Owner acknowledges and agrees to the terms set forth in Sections 4 [Existing Mortgage Disclosure], 12 [Waivers, Acknowledgments and Contract] and 13 [Arbitration Agreement] above."

The letters "DS" and the printed electronic initials "RF" appear in a box at the end of the arbitration agreement.  The last paragraph of the Contract states:

"IN WITNESS WHEREOF, the Authority and the Property Owner have caused this Contract to be executed in their respective names by their duly authorized representatives, all as of the Effective Date.  The 'Effective Date' is defined as the last date entered with signatures of the parties below."

The words "DocuSigned by:" and the printed electronic signature "Rosa Fabian" appear in a signature box at the end of the Contract.  The date "2/28/2017," a 15-digit alphanumeric character, and the words "Identity Verification Code: ID Verification Complete" also appear in the signature box.

In a supporting declaration, Mike Anderson, Renovate's Senior Director of Compliance Operations, asserted that Fabian "entered into" the Contract on February 28, 2017 to finance the installation of a solar energy system.

3

C.    *Fabian's Opposition*

Opposing the petition, Fabian stated in a declaration stated that Renovate solicited her by telephone and "placed" her into a financial agreement for an already-installed solar energy system on her home.  Fabian asserted that she only discussed financing with Renovate telephonically, Renovate provided her with no documents to sign, she did not sign the Contract physically or electronically, and what purports to be her electronic signature was "placed" on the Contract without her consent, authorization, or knowledge.

D.    *Renovate's Reply*

In its reply, Renovate asserted Fabian did not dispute that she negotiated the Contract and thus acknowledged that she "entered into" the financial agreement by declaring Renovate "placed" and "signed" her name onto the "alleged" financial agreement.  Renovate argued that Fabian did not address how her electronic signature appeared on the Contract given Anderson's declaration that Fabian signed the Contract based on records that Renovate maintained in the ordinary course of its business.

E.    *The Discovery*

After conducting a motion hearing, the court continued the matter "to allow the parties to conduct discovery as to whether [Fabian] electronically [signed] the subject contract" and "file a supplemental brief and/or declaration" on the issue.

The parties engaged in discovery, which included Anderson's deposition.  Fabian's attorney filed a supplemental declaration stating that Anderson "testified that neither he nor any employee of [Renovate's] company was present when the alleged agreement was electronically 'docusigned' " and that Renovate's "belief [Fabian] electronically signed the

4

subject agreement is not based on first-hand knowledge."  Renovate's attorney filed an opposing declaration disagreeing and stating that Anderson's "deposition confirmed that [Fabian] and her adult daughter were both present when the electronic signatures on the subject contract were signed."  Renovate's attorney further declared that Anderson "testified that, based on his extensive experience," "[Fabian] was present and signed the document," and "that records confirmed the witness' location when she signed the contract."

F.    *The Trial Court's Ruling*

After hearing argument, the court ordered: "[Renovate]'s motion to compel arbitration is denied.  [Renovate] has failed to establish that [Fabian] electronically [signed] the subject contract."

DISCUSSION

Renovate contends the trial court erred in denying its petition to compel arbitration based on a finding that Renovate failed to prove by a preponderance of the evidence that Fabian electronically signed the Contract.

A.    *Standard of Review*

As a preliminary matter, the parties dispute the appropriate standard of review for this case.  Renovate argues that de novo review applies because the trial court ruled that Renovate failed to carry its burden to prove the authenticity of Fabian's electronic signature on the Contract, a question of law.  Fabian argues that we should review the court's ruling of arbitrability under the more deferential "substantial evidence standard"

5

because the court determined that she did not sign the Contract, which is a question of fact.

" 'There is no uniform standard of review for evaluating an order denying a motion to compel arbitration.' " (*Carlson v. Home Team Pest Defense, Inc.* (2015) 239 Cal.App.4th 619, 630.)  Generally, " '[i]f the court's order is based on a decision of fact, then we adopt a substantial evidence standard.' " (*Ibid.*)  When, as here, the court's order denying a motion to compel arbitration is based on the court's finding that petitioner failed to carry its burden of proof, the question for the reviewing court is whether that finding is erroneous as a matter of law.  (*Juen v. Alain Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978-979; see also *Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465 (*Sonic*) [where trier of fact concludes that the party with the burden of proof fails to carry the burden, it is "misleading" to characterize the standard of review as one of substantial evidence].)  " 'Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' " (*Juen*, at pp. 978-979; see also *Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 769 [same].)

For this reason, " ' [w]here, as here, the judgment is against the party who has the burden of proof, it is almost impossible for him to prevail on appeal by arguing the evidence compels a judgment in his favor.  That is because unless the trial court makes specific findings of fact in favor of the losing [party], we presume the trial court found

6

the [party's] evidence lacks sufficient weight and credibility to carry the burden of proof. [Citations.] We have no power on appeal to judge the credibility of witnesses or to reweigh the evidence.' " (*Patricia A. Murray Dental Corp. v. Dentsply Internat., Inc.* (2018) 19 Cal.App.5th 258, 270.) "The appellate court cannot substitute its factual determinations for those of the trial court; it must view all factual matters most favorably to the prevailing party and in support of the judgment. [Citation.] ' "All conflicts, therefore, must be resolved in favor of the respondent." [Citation.]' [Citation.]" (*Dreyer's Grand Ice Cream, Inc., v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)

B. *The Trial Court Did Not Err in Denying Renovate's Petition*

Renovate met its initial burden to show an agreement to arbitrate by attaching a copy of the Contract to its petition, which purportedly bears Fabian's electronic initials and signature. (*Espejo v. Southern California Permanente Medical Group* (2016) 246 Cal.App.4th 1047, 1057.) Because Fabian declared that she did not sign the Contract, however, Renovate then had "the burden of proving by a preponderance of the evidence that the electronic signature was authentic." (*Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 846 (*Ruiz*); see also *Espejo*, at pp. 1059-1060.)

"[T]he burden of authenticating an electronic signature is not great." (*Ruiz, supra*, 232 Cal.App.4th at p. 844; Civ. Code § 1633.9, subd. (a) [an electronic signature is attributable to a person if it is the act of the person]; Evid. Code, § 1400, subd. (a); *People v. Skiles* (2011) 51 Cal.4th 1178, 1187 [the means of authenticating a writing are not limited to those specified in the Evid. Code].) The party seeking authentication may carry its burden "in any manner," including by presenting evidence of the contents of the

7

contract in question and the circumstances surrounding the contract's execution. (*Ruiz*, at p. 844.) Here, the trial court found that Renovate did not carry its burden to establish the authenticity of Fabian's electronic signature on the Contract. As we explain, Renovate's evidence was not " ' "of such a character and weight as to leave no room for a judicial determination" ' " that Renovate failed to establish that Fabian electronically signed the Contract. (*Sonic*, *supra*, 196 Cal.App.4th at p. 466.)

Renovate offers two items to show that the trial court erred in denying its petition to compel arbitration: (1) the Contract bearing Fabian's printed electronic initials and signature, which is purportedly authenticated by DocuSign; and (2) a declaration from Anderson.[2] We consider each in turn.

1. *The Contract*

Renovate first contends the Contract bearing Fabian's printed electronic initials and signature is authenticated by DocuSign. Standing alone, that fact is not sufficient to compel a result in Renovate's favor as a matter of law.

Citing to *Newton v. Am. Debt Servs* (N.D. Cal. 2012) 854 F.Supp.2d 712 (*Newton*), Renovate argues that DocuSign renders Fabian's electronic initials and signature "legally binding." *Newton* explained DocuSign is a company used to electronically sign documents in compliance with the U.S. Electronic Signatures in Global and National Commerce Act (ESIGN), 15 U.S.C. § 7001 et seq. (*Newton*, at p.

---

[2]    Renovate also offered the printed electronic initials and signature of Diana S. that appear on the Contract and are purportedly authenticated by DocuSign as evidence that the trial court erred. However, Diana S. is not a party to the underlying complaint or this appeal.

731.)  Under ESIGN, electronic records and signatures in compliance with ESIGN are legally binding.  (*Ibid.*)  DocuSign permits a company to send documents to a customer for their signature.  (*Ibid.*)  The customer opens the document for review containing areas marked for the signatory to execute.  (*Ibid.*)  The signer creates a signature and must click a button confirming their signature once they have completed all form fields and signed in all required places.  (*Ibid.*)

Renovate's reliance on *Newton* is misplaced because, unlike here, the declarant in that case proved that the "docusigned" electronic signature was the plaintiff's by explaining the process used to verify the signature.  (*Newton, supra*, 854 F.Supp.2d at p. 731.)  There, the defendant submitted a declaration stating that it sent a contract to the plaintiff using DocuSign, and that the plaintiff signed the Client Signature portion of the contract.  (*Ibid.*)  Once signed, the signature was assigned an identifying code, such as the one that appeared above the plaintiff's signature on the subject contract.  (*Ibid.*)

Here, Renovate did not provide any evidence from or about DocuSign in its petition, reply, or supplemental declaration.  Indeed, the word "DocuSign" does not appear in any of Renovate's moving papers.  Renovate offered no evidence about the process used to verify Fabian's electronic signature via DocuSign, including who sent Fabian the Contract, how the Contract was sent to her, how Fabian's electronic signature was placed on the Contract, who received the signed the Contract, how the signed Contract was returned to Renovate, and how Fabian's identification was verified as the person who actually signed the Contract.  We thus find Renovate's DocuSign authentication argument unsupported and unpersuasive.

9

## 2.    *Anderson's Declaration*

Renovate also contends Anderson's declaration supports a finding as a matter of law that Fabian's electronic signature is authentic.  We disagree.

The facts in this case mirror those of *Ruiz*, *supra*, 232 Cal.App.4th 836.  There, the appellate court affirmed the denial of a petition to compel arbitration after the defendant-employer proffered an electronically signed arbitration agreement.  (*Id.* at pp. 838, 840.)  In support of its petition, the defendant submitted the declaration of its business manager who "summarily asserted" that the plaintiff-employee electronically signed the agreement.  (*Id.* at pp. 839, 843.)  In his opposing declaration, the plaintiff-employee claimed he did not recall signing the agreement.  (*Id.* at p. 840.)  The defendant-employer then filed a reply declaration from the same manager attempting to authenticate the plaintiff's signature; however, the court held that the manager's declarations were insufficient to support such a finding.  (*Id.* at pp. 838, 840-842, 846.)  Specifically, the court stated that the manager did not explain: how, or on what basis, the manager inferred that the electronic signature was "the act of" the plaintiff-employee; that the date and time printed on the agreement were accurate; that the electronic signature could only have been placed on the agreement by a person using the plaintiff-employee's unique identification number and password; and that the agreement was therefore signed by the plaintiff.  (*Id.* at p. 844.)

Here, as in *Ruiz*, Anderson only "summarily asserted" that Fabian "entered into" the Contract on February 28, 2017.  Anderson did not state anywhere in his declaration that Fabian actually signed the contract, electronically or otherwise.  Anderson did not

10

explain, for instance, who presented Fabian with a physical or electronic copy of the Contract, the specific location where the Contract was signed, the time when the Contract was signed, or how Anderson ascertained that Fabian was present when the Contract was signed. Nor did Anderson make any reference to DocuSign or the process used to obtain and verify Fabian's "docusigned" electronic initials and signature.

Even after Fabian disputed signing the Contract, Anderson did not suggest how the electronic signature could have only been placed on the Contract by Fabian. For example, Anderson did not make clear the meaning of the letters "DS" or the significance of the words "DocuSigned By:" that appear above Fabian's electronic initials and signature. Most importantly, Anderson did not explain how Fabian's electronic initials and signature were the "act of Fabian" by offering evidence that DocuSign assigned Fabian a unique "identity verification code" to initial and sign the Contract. Anderson did not explain the significance of the 15-digit alphanumeric characters or the words "Identity Verification Code: ID Verification Complete" that appear below Fabian's electronic signature. By not providing any specific details about the circumstances surrounding the Contract's execution, Anderson offered little more than a bare statement that Fabian "entered into" the Contract without offering any facts to support that assertion. This left a critical gap in the evidence supporting Renovate's petition.

### 3. *Conclusion*

To prevail on appeal, Renovate was required to establish that its evidence compelled a finding in its favor as a matter of law. The Contract and Anderson's declaration do not compel this finding. We thus conclude that the trial court did not err in

11

denying Renovate's petition to compel arbitration based on Renovate's failure to prove, by a preponderance of the evidence, that Fabian electronically signed the Contract. Accordingly, we affirm.

## DISPOSITION

The order denying the petition to compel arbitration is affirmed.  Fabian shall recover her costs on appeal.

IRION, J.

WE CONCUR:


HALLER, Acting P. J.


O'ROURKE, J.

Filed 12/4/19

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROSA FABIAN, | D075519 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2018-00023808-CU-BT-NC) |
| RENOVATE AMERICA, INC., | |
| Defendant and Appellant. | ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion in this case filed November 19, 2019, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

HALLER, Acting P. J.

cc: All parties